**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| HADI CHOUMAR | |
| | **CIVIL ACTION** |
| VERSUS | |
| | **No. 25-603-SDJ** |
| UNITED STATES OF AMERICA | |

**ORDER**

Before the Court is a Motion to Intervene (R. Doc. 16) filed by Hymel Davis & Petersen, LLC. The Motion is unopposed.

## I.      Background

Hadi Choumar filed a Complaint against the United States of America on July 11, 2025, under the Federal Tort Claim Act. (R. Doc. 1). The Complaint alleges that Amari Brijon Booker was an employee of the United States Postal Service, acting within the course and scope of her federal employment, when she collided with Plaintiff in a vehicular accident.   (R. Doc 1). Summons was issued to the United States Attorney General on July 11, 2025. (R. Doc. 3). Intervenor filed its original Motion to Intervene on December 15, 2025. (R. Doc. 5). Subsequently, Intervenor filed a Motion to Substitute Doc. 5 Motion to Intervene by Hymel Davis & Petersen, LLC on December 16, 2025. (R. Doc. 8). The Motion to Substitute was granted on February 13, 2026. (R. Doc. 15). Defendant, the United States of America, filed an Answer to the Complaint on April 7, 2026. (R. Doc. 24). No response or opposition to the Motion to Intervene has been filed.

Intervenor is a law firm previously retained by Plaintiff to represent him in connection with the claim that is subject of this litigation. A written contingency fee agreement was executed on or

about January 22, 2024. (R. Doc. 16). Intervenor rendered legal services and advanced costs on Plaintiff's behalf in furtherance of the claim asserted in this litigation until Intervenor's discharge on or about July 12, 2024. (R. Doc. 16). Pursuant to La. R.S. 37:218, Intervenor holds a statutory lien and privilege on any recovery obtained by Plaintiff, whether by settlement or judgment, for its earned attorney's fees and reimbursable costs. Written notice of Intervenor's lien was provided to Plaintiff on July 12, 2024. (R. Doc. 16-1). Intervenor seeks to intervene in this action for the sole and limited purpose of protecting and enforcing its fee interest in any settlement proceeds or judgment. Intervenor does not seek to delay trial, prejudice the parties, or affect the merits of the claims and defenses. Intervenor argues that intervention is appropriate under Fed. R. Civ. P. 24(a)(2), as Intervenor has a direct, legally protectable interest in the proceeds of this litigation which may be impaired or affected by the disposition of this action of Intervenor is not permitted to intervene.

## II.     Law and Analysis

Fed. R. Civ. P. 24 affords a non-party the ability to intervene in a proceeding to preserve or assert a right in that proceeding. A non-party may intervene as a matter of right if, on timely motion, the court concludes that the would-be intervenor "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated as disposing of the action may impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24. Courts have applied four elements in assessing whether the second of the above applies: (1) timeliness, (2) an interest in the subject matter of the litigation, (3) impairment of the applicant's interest if it is not allowed to intervene, and (4) inadequate representation of that

interest by existing parties. *See Adam Joseph Res. v. CNA metals, Ltd.*, 919 F. 3d 856 (5th Cir. 2019); *See also Edwards v. City of Houston,* 78 F. 3d 983, 999 (5th Cir. 1996).

### A.    Timeliness of the Motion

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but is to be determined from all the circumstances." *Stallworth*, F.2d at 263. The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross*, 426 F.3d 745, 754 (5th Cir. 2005. While these factors give structure to the timeliness analysis, the analysis is contextual and should not be used as a "tool of retribution to punish the tardy would-be intervenor, but rather [should serve as] a guard against prejudicing the original parties by the failure to appear sooner." *Id.*

Here, Intervenor filed its Motion to Intervene merely five months after the original Complaint was filed. Therefore, Intervenor petitioned to intervene shortly after it should have known of its interest in this case. There does not appear to be any prejudice against the parties,

especially since the Defendant responded to the Complaint almost five months after the original Motion to Intervene was filed. As such, the Court considers Intervenor's motion as timely.

## B.    An Interest in the Subject Matter of the Litigation

Fed. R. Civ. P. 24(a) does not require "that the movant ***establish*** an interest in the litigation[; r]ather, it only requires that movant ***claim an interest*** in the litigation." *Murtagh v. Americas Ins. Co.,* No. CV 19-1762, 2020 WL 13563170, at *2 (E.D. La. Aug. 26, 2020) (emphasis in original). In assessing whether Intervenor has adequately claimed an interest, the proposed complaint must be construed liberally in favor of Intervenor and this Court must accept as true the well pleaded allegations. *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on Apr. 20, 2010,* No. 2179, 2016 WL 4261762, at *4 (E.D. La. Aug. 12, 2016) (citations omitted). The Fifth Circuit has held in numerous instances "that a discharged lawyer with a contingent fee agreement . . . ha[s] an 'interest' for purposes of intervention."[1] Thus, at this pleading stage, Intervenors have adequately claimed that they possess an interest in this action. *See Chisesi v. State Farm Mut. Auto. Ins. Co.,* No. CV 09-7022, 2010 WL 11549559, at *1-2 (E.D. La. Aug. 11, 2010). "[T]o recover from his former client, recordation is not required for the attorney to maintain a privilege on any compromise or settlement funds." *Francis v. Hotard,* 2000-0302 (La. App. 1 Cir. 3/30/01), 798 So. 2d 982, 985, *writ not considered, 2001*-1323 (La. 6/22/01), 793 So. 2d 1263.

---

[1] *CNA Metals*, 919 F.3d at 866-67 (5th Cir. 2019) (citing *Valley Ranch Dev. Co. v. F.D.I.C.*, 960 F.2d 550, 556 (5th Cir. 1992)) ("[A] discharged lawyer with a contingent fee agreement does have an 'interest' for purposes of intervention."); *Keith v. St. George Packing Co.*, 806 F.2d 525 (5th Cir. 1986) (attorney entitled to intervene as of right to protect contingent fee interest); *Skinner v. Weslaco Indep. Sch. Dist.*, 220 F.3d 584 (5th Cir. 2000) (Table) (applying *Gaines* to find that a discharged lawyer who has a contingency fee interest "clearly possesses an interest in the subject of the underlying action" for purposes of Rule 24).

### C.    Impairment of the Applicant's Interest If Not Allowed to Intervene

The Fifth Circuit has held that a discharged firm moving to intervene to protect its interest in the client's recovery demonstrates impairment because "the discharged firm would have . . . to initiate a subsequent action to collect the fees allegedly generated in the existing litigation." *United States v. Texas E. Transmission Corp.*, 923 F. 2d 410, 416 (5th Cir. 1991). As such would be the case here, Intervenor would be impaired were intervention denied.

### D.    Inadequate Representation of Interest by Existing Parties

As the Plaintiff has not yet paid Intervenor, and Defendant has not responded to the Motion to Intervene, it is not apparent the parties would adequately represent Intervenor's interest. As all the above elements are met, this Court grants the Motion, and permissive intervention will not be explored.

## III.    Conclusion

Accordingly,

**IT IS ORDERED** that the Motion to Intervene (R. Doc. 16) filed by Hymel Davis & Petersen, LLC is **GRANTED.**

Signed in Baton Rouge, Louisiana, on April 8, 2026.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**